UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA PARKER-DARBY,<br><br>    Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Civil Action No. 11-2012 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Sheila Parker-Darby is a black woman over the age of forty who was employed by Defendant Department of Homeland Security's Federal Emergency Management Agency. After the expiry and nonrenewal of her term appointment, Plaintiff filed this suit claiming Defendant had discriminated against her because of her race and age. DHS has now filed a Motion for Summary Judgment. Because no reasonable jury could find that Defendant's asserted legitimate, nondiscriminatory reason for her nonrenewal was pretextual, the Court will grant the Motion.

**I.   Background**

Plaintiff was employed as a GS-12 and GS-13 Grants Management Specialist in FEMA's Grants Management Division (GMD) between May 5, 2002, and February 19, 2009. See Def.'s Stat. Undis. Mat. Facts (SUMF), ¶¶ 2-5, 9. In February 2005, Plaintiff received a four-year term appointment with a "Not to Exceed" (NTE) date of February 19, 2009. See id., ¶ 4. After passage of the Post-Katrina Emergency Reform Act of 2006 (PKEMRA), FEMA took responsibility for many DHS preparedness-grants programs. See id., ¶ 10. In 2008, GMD

management began notifying employees of this situation, explaining that it would be unable to convert term employees to permanent full-time (PFT) positions without their going through the competitive hiring process, and that it would be unable to renew expiring terms of term-appointed employees. See id., ¶¶ 11-13. In January 2009, Defendant gave Plaintiff notice that her term appointment would expire on February 19, 2009, and advised her that she could apply for competitive PFT positions if she wished. See id., ¶¶ 14-15. On February 19, 2009, Plaintiff's term appointment indeed did expire and she was released. See id., ¶¶ 16-17.

In late February 2009, after Plaintiff's release, GMD management received additional direction from FEMA Human Resources, specifying that term-appointed employees whose positions were expiring could be transferred to other term positions in order to fill the remainder of terms that had been vacated prior to term expiration. See id., ¶ 18. Subsequent to Plaintiff's release and pursuant to FEMA's amended directives, two term-appointed employees whose terms were expiring gained additional employment without going through the competitive hiring process. See id., ¶ 19; Reply, Exh. 2 (Notif. Personnel Action, Ext. Appt. NTE 09/30/10, Stevens) at 1; Opp. at 7. First, in April 2009, Grants Management Specialist Lawrence White's term appointment expired. See SUMF, ¶ 19. Upon his release, White – a black man under the age of forty – was selected to fill the remainder of a vacant term position in a different branch. See id. Second, in February 2010, Webb Stevens – a white man over forty who was nearing retirement – was granted a seven-month extension, after which time he retired. See Ext. Appt. NTE 09/30/10, Stevens at 1; Reply, Exh. 3 (Notif. Personnel Action, Retirement Voluntary, Stevens) at 1.[1] In addition, another term employee, Jane Early, and a regular employee, Sherry

---

[1] Plaintiff asserts that Stevens's appointment "was due to end on or about April/May 2009" and that he was permitted "to have his term appointment extended an additional six months without applying for another position." See Opp. at 7. While Defendant's employment records show that Stevens's original appointment did not end until

Wilder (both white women over 40), applied for and received PFT positions through the competitive application process. See Reply, Exh. 1 (Notif. Personnel Action, Early) at 1 (citing Selection From AN-09-CRS-0415050) ; Exh. 3 (Notif. Personnel Action, Wilder) at 2 (citing Selection From AN-09-CRS-0411580).

Plaintiff filed the instant Complaint on November 22, 2011, claiming that she had been discriminated against on the bases of her race and age. On March 5, 2012, Defendant filed the dispositive Motion that the Court now addresses.

## II.   Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. Holcomb, 433 F.3d at 895; Liberty Lobby, Inc., 477 U.S. at 248. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, Inc., 477 U.S. at 248; Holcomb, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). When a motion for summary judgment is under consideration, "the evidence of the non-movant[s] is to be believed, and all justifiable inferences

---

February 2010, this discrepancy matters little because it is undisputed that Stevens's term-appointment extension occurred only after Plaintiff's nonrenewal and FEMA's amended directives.

are to be drawn in his favor." Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmovant is required to provide evidence that would permit a reasonable jury to find in its favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Liberty Lobby, Inc., 477 U.S. at 249-50.

**III.     Analysis**

Plaintiff contends that Defendant's nonrenewal of her term appointment violated the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). Title VII makes it unlawful for an employer, including a government agency, "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a), -16; see also Holcomb, 433 F.3d at 895. Similarly, the ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C §

623(a)(1).  Individuals forty years of age and older are included in the protected class.  Id. § 631(a).

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court established the familiar three-step "burden-shifting approach to employment discrimination claims in cases where the plaintiff lacks direct evidence of discrimination."  Chappell-Johnson v. Powell, 440 F.3d 484, 487 (D.C. Cir. 2006).  "[W]here an employee has suffered an adverse employment action and an employer has asserted a legitimate, nondiscriminatory reason" for its employment decision, however, the Court need not consider whether Plaintiff has made out a *prima facie* case under McDonnell Douglas; rather, it deploys a simpler analysis:

> [I]n considering an employer's motion for summary judgment or judgment as a matter of law in those circumstances, the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?

Brady v. Office of Sergeant at Arms, 520 F.3d 490, 494 (D.C. Cir. 2008).  The Court, therefore, will follow Brady and its progeny in determining, with regard to the alleged incident of discrimination, first whether the Brady prerequisites – an adverse employment action and a nondiscriminatory explanation – have been satisfied, and then, if so, whether Plaintiff has produced sufficient evidence for a reasonable jury to find that Defendant's asserted reason was pretextual and that Defendant in fact discriminated against her.

A.  Adverse Employment Action

Defendant first argues that the Court need not even address the reason for Plaintiff's nonrenewal because it does not constitute an adverse employment action.  As such, she cannot maintain this suit.  Our Circuit has not yet ruled on whether the nonrenewal of a term

5

appointment can constitute an adverse action for purposes of Title VII and the ADEA. Other circuits, however, have held that it can. For example, in Leibowitz v. Cornell Univ., 584 F.3d 487 (2d Cir. 2009), the plaintiff brought suit after her employer had failed to renew her term appointment as a senior extension associate teaching in New York City. The Second Circuit, citing a number of other circuits, held that "where an employee seeks renewal of an employment contract, non-renewal . . . constitutes an adverse employment action . . . ." Id. at 501. Similarly, for purposes of Title VII claims, the Third Circuit has held that "[t]he failure to renew an employment arrangement, whether at-will or for a limited period of time," is an adverse employment action. Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 320 (3d Cir. 2008). Finally, in a Tenth Circuit ADEA case in which a broadcasting company decided not to renew the contract of one of its investigative reporters, the court found that it was reasonable for the jury to have concluded that the employer had unlawfully discriminated against him in so deciding. Minshall v. McGraw Hill Broad. Co., 323 F.3d 1273, 1279-82 (10th Cir. 2003). While the court did not explicitly discuss whether the contract nonrenewal was an adverse action, it was able to reach its conclusion only by implicitly answering this question in the affirmative. See id.

      On the other hand, our Circuit has held that the nonrenewal of a term appointment does not constitute an adverse action in certain contexts. For example, in Suzal v. U.S. Info. Agency, 32 F.3d 574 (D.C. Cir. 1994), the plaintiff claimed his term appointment was not renewed in violation of his First Amendment rights. The court considered his union's collective bargaining agreement and the Civil Service Reform Act, ultimately concluding that "the expiration and nonrenewal of an appointment for a specified term is not a removal, and hence . . . is not an adverse action either." Id. at 579 (internal quotation marks omitted) (finding that, even after a

decade's employment with defendant, the expiry and nonrenewal of plaintiff's final one-year appointment did not constitute an adverse action). The Suzal court further noted that 5 U.S.C. § 7512 effectively defines "adverse actions" to include removals, suspensions, reductions in grade or pay, and furloughs, but does not mention nonrenewals. See id. Within a substantially analogous context – seasonal-worker layoffs – the D.C. Circuit has also held that because such layoffs occur in accordance with the agreed-upon conditions of employment, they are not "furloughs" within the meaning of § 7512 and thus not adverse employment actions. See Nat'l Treasury Employees Union v. U.S. Merit Sys. Prot. Bd., 743 F.2d 895, 912-15 (D.C. Cir. 1984).

This Court, however, need not resolve the issue of whether the nonrenewal of Plaintiff's term appointment here constitutes an adverse action because Plaintiff is unable to clear the additional hurdle of pretext.

    B.  Pretext

Plaintiff has failed to produce sufficient evidence to show that Defendant's asserted legitimate, nondiscriminatory reason was not the actual reason for allowing Plaintiff's term appointment to expire without renewal and that, instead, Defendant had a discriminatory motive. It is beyond dispute here that Defendant has offered such a legitimate, nondiscriminatory reason. Defendant refrained from renewing Plaintiff's appointment in accordance with management directives, which were aimed at realigning GMD's employment structure in accordance with FEMA's changing responsibilities. See SUMF, ¶¶ 10-12; Lewis Decl., ¶ 9. After passage of PKEMRA, FEMA's GMD determined that it would be moving away from employing term-appointed employees. See SUMF, ¶¶ 10-12. Beginning in 2008, GMD management began notifying employees of this situation, explaining that GMD would be unable to convert term employees to permanent positions unless employees applied via the competitive hiring process.

See Lewis Decl., ¶ 9. Hence, the nonrenewal of Plaintiff's term appointment was in accordance with GMD's legitimate, nondiscriminatory employment directives.

Because Defendant has asserted a legitimate reason, the Court now must determine whether Plaintiff has "produced sufficient evidence for a reasonable jury to find [this] reason was not the actual reason and that the employer intentionally discriminated against the plaintiff." Adeyemi v. District of Columbia, 525 F.3d 1222, 1226 (D.C. Cir. 2008) (citing Brady, 520 F.3d at 493-95). A plaintiff can demonstrate pretext in two principal ways. See Brady 520 F.3d at 495. First, a plaintiff may show that the employer has treated similarly situated employees outside of her protected class more favorably in the same circumstances. Id. Second, a plaintiff may offer evidence that the employer has lied about "the underlying facts that formed the predicate for the employment decision." Id. If the employer's proffered explanation is reasonable, however, there is ordinarily no basis for concluding that the employer is lying. Id.

In attempting to demonstrate that Defendant's stated reason is pretextual, Plaintiff largely pursues the first route. She alleges that similarly situated employees outside of Plaintiff's protected class – i.e., those who are white or under forty – were treated differently from Plaintiff. See Compl., ¶¶ 10, 23-43. Although in her Complaint she initially lists a larger number of relevant employees, see id., she now focuses on only four. See Opp. at 5-8. Specifically, Plaintiff makes the following allegations: (1) term-appointed employee Jane Early (white, over age 40) was converted to a PFT position; (2) Sherry Wilder (white, over age 40) was hired for a PFT position with minimal grants experience; (3) term-appointed employee Webb Stevens (white, over age 40) had his term appointment extended by six months; and (4) term-appointed employee Lawrence White (black, under age 40) was rehired to fill out the remainder of another term position. See id. The Court will address each in turn.

### 1. *Jane Early and Sherry Wilder*

Plaintiff's allegations with respect to Early and Wilder necessarily fail because her own submitted declarations do not corroborate a showing that these women were similarly situated. See Opp., Exhs. 1-4 (Declarations of Belinda Bedran, Arlyce Powell, Walter Pickett, Lawrence White). Unlike Plaintiff, Early applied and was selected for a PFT position via FEMA's competitive application process, a route Plaintiff herself was offered and declined to pursue. See Notif. Personnel Action, Early at 1. Plaintiff's "unsubstantiated allegations" to the contrary do not constitute competent evidence; hence, there is no genuine dispute as to any material fact regarding whether Early was similarly situated. See Fed. R. Civ. P. 56(e); Celotex Corp., 477 U.S. at 324; see also Bonieskie v. Mukasey, 540 F. Supp. 2d 190, 195 (D.D.C. 2008).

With respect to Wilder, Plaintiff neither claims nor provides any evidence that Wilder was even a term-appointed employee. If she was not, then she was clearly not similarly situated. Furthermore, even if Wilder was a term-appointed employee, she applied and was selected (just like Early) for a PFT position via FEMA's competitive application process. See Notif. Personnel Action, Wilder at 2. Here again, Plaintiff has not created a genuine dispute that Wilder was similarly situated.

### 2. *Webb Stevens and Lawrence White*

Plaintiff's claim concerning Stevens fails due to the timing of his term extension. Once Plaintiff ceased to be a FEMA employee herself, she was no longer similarly situated to any still-working FEMA employee. Stevens's temporary extension was not granted until February 2010, at which time Plaintiff had been gone for a year. That FEMA changed its policies following Plaintiff's departure is not evidence of discrimination. See Fischbach v. D.C. Dep't of Corr., 86 F.3d 1180, 1183 (D.C. Cir. 1996) (employer prevails on its nondiscriminatory explanation if it

9

"honestly believes in the reasons it offers") (quoting McCoy v. WGN Cont'l Broad. Co., 957 F.2d 368, 373 (7th Cir. 1992)) (internal quotation marks omitted). In addition, Stevens was not converted to a PFT position, but was only extended for the months up until his September 2010 retirement. See Ext. of Appt. NTE 09/30/10, Stevens at 1; Retirement Voluntary, Stevens at 1. Plaintiff, it may be noted, has made no argument that she was approaching retirement or wanted only a similarly brief extension.

Plaintiff's argument with respect to White is equally infirm. Just as with Stevens, Plaintiff was no longer a FEMA employee at the time that White was rehired to fill the remainder of a vacant term appointment. See Lewis Decl., ¶ 15. Because this vacancy was not available at the time Plaintiff's term appointment expired, she was not in a similar position to White. See Mot., Exh. 5 (Aff. of Arlene Ramsey) at 1; Lewis Decl., ¶ 16. Furthermore, in April 2009, GMD management was operating under a different set of directives than it had been in early February 2009; only after Plaintiff's release did GMD management receive authority from FEMA permitting GMD to transfer term-appointed employees with expiring terms to other term positions that had been vacated prior to expiration. See Lewis Decl., ¶ 14. Plaintiff also contends that White was rehired in order to avoid a lawsuit. See Opp., ¶ 20; Exh. 4 (Decl. of Lawrence White), ¶ 5. Even assuming that were true, it does not undercut either the legitimate, nondiscriminatory reason for Plaintiff's nonrenewal or the fact that Plaintiff and White were not similarly situated at the time of his rehiring.

The Court also notes that Plaintiff's alleged comparators fall into both of her claimed protected classes – i.e., White is black, and the three whites were all over forty. While Plaintiff is not required to show that the alleged comparators are outside of her protected classes, the fact that they are not "cuts against any inference of discrimination." Felder v. Johanns, 595 F. Supp.

2d 46, 67 (D.C. Cir. 2009); see also Murray v. Gilmore, 406 F.3d 708, 715 (D.C. Cir. 2005) (finding that plaintiff's race-discrimination claim failed because, even assuming pretext, both plaintiff and her replacement were black).

Finally, in her Opposition (styled "Response"), Plaintiff attempts to add new claims of libel and defamation. See Opp. at 8-10. "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." Arbitraje Casa de Cambio, S.A. de C.V. v U.S. Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003) (internal quotation marks omitted); Shanahan v. City of Chi., 82 F.3d 776, 781 (7th Cir. 1996) ("plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment"). The Court, therefore, will not consider these claims, but Plaintiff may bring them in a separate action if they are not otherwise barred.

As Plaintiff has not established that she was similarly situated to any of her alleged comparators or that Defendant's explanations are not credible, she has not produced sufficient evidence for a reasonable jury to find pretext.  Summary judgment is therefore appropriate here.

**IV.    Conclusion**

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment.  A separate Order consistent with this Opinion will be issued this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  June 19, 2012